# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOE HER,

Petitioner,

v.

PEOPLE OF THE STATE OF CALIFORNIA,

Respondent.

_______________________________________/

1:08-cv-01809-OWW-DLB HC

FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS

[Doc. 1]

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed the instant petition for writ of habeas corpus on November 25, 2008. (Court Doc. 1.)

DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petition is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

I. Proper Respondent

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated

petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see, also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. Id.

In this case, petitioner names the People of the State of California as Respondent. However, the State of California is not the person having day-to-day control over Petitioner.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see, also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976). Although the Court generally grants leave to amend the petition to name a proper respondent, for the reasons explained below, because it is clear the instant petition is unexhausted amendment would be futile.

II. Exhaustion State Court Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-

Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888. A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court. See Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations

> that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

On the form petition Petitioner indicates that he sought relief in the California Court of Appeal, but did not seek relief in the California Supreme Court. (Petition, at 5.) Therefore, the claims in the instant petition are unexhausted, and the petition must be dismissed without prejudice. See Rose v. Lundy, 455 U.S. at 518.

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DISMISSED, without prejudice; and

2. The Clerk of Court be directed to terminate this action in its entirety.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: December 11, 2008**

**/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE